IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMON GILL,<br>    Plaintiff,<br><br>   v.<br><br>CITY OF PHILADELPHIA, et al.,<br>    Defendants. | CIVIL ACTION<br><br><br>NO. 2:13-cv-06997-MMB |

## MEMORANDUM RE: DEFENDANT CITY OF PHILADELPHIA'S MOTION FOR SUMMARY JUDGMENT

Baylson, J.                                                                                           October 23, 2015

### I.   Introduction

In this § 1983 action, Defendant City of Philadelphia ("the City") has filed a motion for Summary Judgment as to Plaintiff Simon Gill's Monell claim (Count III). The Court will grant the City's Summary Judgment Motion for the reasons set forth below.

### II.  Procedural History

This case stems from Plaintiff's arrest in December 2011. Plaintiff filed this § 1983 action against the City, Police Officer Michael J. Edinger, and eight unnamed Philadelphia city police officers.[1] The Complaint alleges that officers used excessive force and also asserts a Monell claim against the City (ECF No. 1). Plaintiff's Monell claim is based on allegations that the City caused his constitutional injury because the City had "a custom, policy and practice of permitting infractions and physical abuse of persons such as the plaintiff." Pl.'s Resp. at 4, ¶ 5.

After discovery, the City filed the instant Summary Judgment Motion as to Plaintiff's Monell claim (ECF No. 26). The Motion does not address any of Plaintiff's other allegations.

---

[1] In Plaintiff's response to the City's Summary Judgment motion, Plaintiff has expressed an intention to replace one of the John Does with Officer Benjamin Cespedes. But he has not done so yet.

**III.    Undisputed Factual Background**

On December 3, 2011, Plaintiff was arrested by Philadelphia Police Officers Michael Edinger and Benjamin Cespedes. During the arrest, the officers used force, which the Plaintiff alleges was excessive and in violation of his constitutional rights.

**IV.    Summary Judgment and <u>Monell</u> Standards**

Summary judgment is proper when, viewing the facts in the light most favorable to the non-moving party, there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Spady v. Bethlehem Area Sch. Dist.</u>, 800 F.3d 633, 635 n.2 (3d Cir. 2015).

The movant bears the initial responsibility for identifying the portions of the record that it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court[ ]that there is an absence of evidence to support the nonmoving party's case." <u>Id.</u> at 325.

After the moving party has met this initial burden, the non-movant must cite evidence supporting specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the non-moving party fails to make a factual showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.

For Plaintiff's <u>Monell</u> claim to survive the City's Summary Judgment Motion, Plaintiff must point to evidence creating a genuine issue of fact about whether the City (1) had a custom[2]

---

[2]    Despite Plaintiff's contrary characterization, Plaintiff's claim must be one of custom rather than policy because Plaintiff has failed to identify any specific policy. <u>See Andrews v. City of Phila.</u>, 895 F.2d 1469, 1480 (3d Cir. 1990) (explaining that a policy-theory of <u>Monell</u>

2

(2) that proximately caused the violation of Plaintiff's constitutional rights. Monell v. Dept. of Social Servs., 436 U.S. 658, 694-95 (1978). In the Monell context, a custom is a practice that, though not authorized by law, is so permanent and well-settled that it virtually constitutes law. Id. at 691. A custom may be established with evidence of the defendant's knowledge of or acquiescence in the practice. Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Causation may be established by showing that the City acted with "deliberate indifference" to the known or obvious consequences of its actions. A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Detention Ctr., 372 F.3d 572 (3d Cir. 2004); Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176 (3d 2009). Plaintiff may also create an issue of fact as to causation by showing "that policymakers were aware of similar conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to [Plaintiff's] injury." Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist., 272 F.3d 168, 176 (3d Cir. 2001) (quoting Losch v. Borough of Parkesburg, Pa., 736 F.2d 903, 910 (3d Cir. 1984)).

**V.     Monell Evidence and Analysis**

Plaintiff's Monell theory is that the City had a custom "of permitting infractions and physical abuse of persons such as the plaintiff." Pl.'s Resp. at 4, ¶ 5. But Plaintiff's Monell evidence is limited to the Internal Affairs' records of two police officers involved in his 2011 arrest: Officer Benjamin Cespedes and Officer Michael Edinger.[3] Plaintiff also argues that he has evidence "of other officers who have been charged with violations of PPD policies and procedures," but Plaintiff does not provide a citation to any records or attach any records to his

---

liability refers to "an official proclamation, policy, or edict" by a decision-maker with authority to establish municipal policy).

[3]     Plaintiff also submits what appear to be the computer records related to Plaintiff's 12/3/2011 arrest. But Plaintiff fails to connect those records to the arguments in his response to the City's Summary Judgment motion.

3

response to the City's motion for summary judgment. Thus, the Court can consider only the records of Officers Cespedes and Edigner.

Officer Cespedes' Internal Affairs' report reflects five infractions, including four complaints made by citizens and one report of a violation of internal department policies:

- 2/15/2000: Lack of Service. No description is provided. (sustained)

- 6/25/2008: Missing Property. Complainant was arrested while incoherent and claimed his wallet and cell phone were taken at the time of his arrest but not returned. (not sustained)

- 10/23/2008: Physical and Verbal Abuse. After pulling over the complainant, officers shoved the pregnant complainant and her boyfriend against the car for a search. Officers proceeded to use foul language, threaten the complainant with tickets, and tell the complainant and her boyfriend that the only reason they weren't beaten was because children were in the car. (not sustained)

- 1/6/2010: Lack of Service. There was no response to multiple 9-1-1 calls related to a report of a burglary. (not sustained)

- 11/12/2011: Off Duty Police Action. While off duty, Officer Cespedes violated department procedures by engaging in an armed pursuit of an informal suspect after the suspect had revealed that he was in possession of a large knife. (violation – ODA)

Plaintiff's Resp. Ex. A. at 1-3. Thus, at most, Officer Cespedes was the subject of two allegations of violent behavior within a three-year period: the allegations made on 10/23/2008 and 11/12/2011. But only one of these instances reflects that a degree of physical violence was actually exerted (shoving against a car). The other allegation details an armed pursuit in violation of department policies, but the description does not depict an exertion of excessive force of the type alleged by Plaintiff here.

Officer Edinger's Internal Affairs' report reflects three complaints made by citizens:

- 6/20/2007: Verbal Abuse and Unprofessional Conduct. Complainant alleged that her nephew was treated unfairly while in custody because of the nature of his charges. Complainant specifically alleged that Officer Edinger "poured water in [the nephew's] shoes and stated, 'chain his arms like Jesus.'" (not sustained)

4

- 1/6/2010: Lack of Service. There was no response to multiple 9-1-1 calls related to a report of a burglary. (not sustained)

- 9/2/2010: Verbal Abuse and Lack of Service. Complainant had called to report violation of a restraining order. Officer Edinger told him he could "wipe his a\*\* with the court order." (not sustained (verbal abuse)/exonerated (lack of service))

Pl.'s Resp. Ex. A. at 7-8. These events do not involve any allegations of excessive force during or even related to an arrest.

Plaintiff's evidence is insufficient to avoid summary judgment as to his Monell claim. The Internal Affairs reports fail to show that the City had knowledge of or acquiesced in a custom of permitting infractions or physical violence. Thus, Plaintiff has failed to establish a custom.

Additionally, Plaintiff has failed to establish causation even assuming a custom existed. Plaintiff appears to attempt to argue causation in part by concluding (without evidence) that Defendants acted with deliberate indifference by "failing to investigate, discipline, supervise, monitor, and control officers' use of deadly force and other exercises of power at police disposal." Pl.'s Resp. at 7. But Plaintiff provides no evidence to support this conclusion. Neither does Plaintiff establish causation by showing that the City had knowledge of prior similar conduct. Because the prior infractions contained in the Internal Affairs' reports are not similar to the excessive force allegations made by Plaintiff (beating, hitting, assaulting, and battering an arrestee who was not resisting arrest), Plaintiff has failed to create an issue of fact as to causation. See Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist., 272 F.3d 168 (3d Cir. 2011) (concluding that the plaintiff had failed to meet his burden of establishing a causal

connection because the previous conduct that the plaintiff alleged the school district to be aware of was not sufficiently similar to the conduct alleged to have caused constitutional injury).[4]

Beck v. City of Pittsburgh provides a clean counter-point for when evidence regarding police-misconduct records could create an issue of fact in a Monell claim, though Beck involved a Rule 50 motion. 89 F.3d 966 (3d Cir. 1996). In Beck, plaintiff argued that he had been arrested through excessive force and that the City of Pittsburgh had caused him constitutional injury by tacitly authorizing its officers to use excessive force. Id. at 967. To support his Monell claim, the plaintiff introduced evidence that five civilian complaints (including the plaintiff's) had been made against the arresting officer for use of excessive force during an arrest.[5] Id. at 969-970. The pattern of conduct alleged in each of the civilian's complaints was similar to the plaintiff's allegations, and all complaints were made within a four year period (including one shortly after plaintiff's complaint). Id. at 973. All but one of these complaints had been reported to the relevant Police Department. Id. The Third Circuit concluded that these written reports were sufficient to show that the City of Pittsburgh "knew about and acquiesced in a custom of tolerating the tacit use of excessive force by its police officers." Id. at 973, 976.

---

[4] In some cases, such as cases involving allegations of failure to supervise, elements specific to that theory may be required. See Sample v. Diecks, 885 F.2d 1099, 1188 (3d Cir. 1989) (requiring, for claim of Monell liability for a failure to supervise, a showing (1) of a specific supervisory practice not followed by the supervisor, (2) that the existing custom without that procedure created an unreasonable risk, (3) that the supervisor was aware of that risk, (4) that the supervisor was indifferent to that risk, and (5) that the supervisee's constitutionally infirm conduct resulted from the supervisor's failure to employ the procedure). Because Plaintiff has failed to create a fact-issue as to the fundamental elements of a Monell claim (custom and causation), the Court need not address the theory-specific elements.

[5] The plaintiff in Beck also introduced substantial evidence about the manner through which Pittsburgh investigated claims. Id. at 974-75. But the Third Circuit specifically held that the five complaints alone would have been enough to create an issue of fact. Id. at 973.

Plaintiff's evidence pales in comparison to that offered in Beck. The previous complaints against the officers here are not similar enough to create a fact issue about whether the City would have known that the two named officers had a propensity for violence or even generally breaking the rules.

**VI.     Conclusion**

Plaintiff's evidence is inadequate to create a genuine issue of fact as to the Monell claim, and the Court will therefore grant the City's Motion.

An appropriate order follows.

O:\CIVIL 13\13-6997 gill v. cty phila\13cv6997.MSJ Monell Memo.10.22.15.docx